BOB J. URY, Plaintiff-Appellee, *v.* FRUIT BELT SERVICE COMPANY, Defendant-Appellant.

Fifth District   No. 81—618

Opinion filed August 10, 1982.

J. Lewis Wingate, of Vienna, for appellant.

John P. Womick, of Carbondale, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

This appeal was brought by defendant Fruit Belt Service Company after the circuit court of Johnson County entered judgment for plaintiff Bob J. Ury on two counts to recover overtime wages allegedly due under the Federal Fair Labor Standards Act and the Illinois Wage Payment and Collection Act, respectively. We affirm the judgment of the circuit court.

On appeal, defendant asserts that the trial court erred by ruling that Mr. Ury's employment came within the provisions of the Fair Labor Standards Act, section 207. (29 U.S.C. sec. 207 (1976).) The Fair Labor Standards Act provides that an employee who works in excess of 40 hours during his work week is entitled to be paid at a rate not less than 1½ times the regular rate at which he is employed. (29 U.S.C. sec. 206 (1976).) However, the Fair Labor Standards Act also exempts from its wage and hour provisions those employees employed in the capacity of "outside salesman," as defined in the Act. (29 U.S.C. sec. 213(a)(1) (1976).) Regulations promulgated by the Department of Labor state that when a person's nonselling duties do not exceed 20%, or in this case eight hours, of the work week, then that

employee is performing "outside salesman" duties for which overtime pay is unavailable. 29 C.F.R. sec. 541.507 (1977).

The issue, then, becomes the characterization of Mr. Ury's employment. The Department of Labor employee furnished the criteria by which he determined that Fruit Belt Service Company owed the plaintiff overtime pay. He stated that the servicing of customers for sales which had actually been made by others, the delivering to a customer of a product actually sold by another, the installation or maintenance of equipment, and bookkeeping and other office duties would be considered nonselling duties. The representative found that Mr. Ury's nonselling duties exceeded 20% of the hours he worked in the week, and thus he did not qualify as an "outside salesman," as defined by the Act.

The company protested that the plaintiff was hired to perform selling duties, not to maintain or repair equipment. They insisted that his duties included selling petroleum, writing sales tickets, and delivering petroleum to the customer. They suggested other factors which should be used to characterize his employment as exempt: the extent of compensation, the extent of direct and consistent supervision, the amount and type of contractual work, and the job title or description. Fruit Belt explained that Mr. Ury was the sole contact with customers and he determined his own working hours. They said he was independent of his employer's personal supervision and his pay was based on commission. They concluded that these factors were sufficient to find that he was a salesman within the meaning of the Act, and that, therefore, the trial court erred in finding to the contrary.

The decision of the trial court should be reversed only if it is against the manifest weight of the evidence. (*Dutton v. Roo-Mac, Inc.* (1981), 100 Ill. App. 3d 116, 122, 426 N.E.2d 604.) Since there is ample evidence in the record to sustain the trial court's ruling, we will not overturn it. We rely first on the Department of Labor representative's recommendations. The representative interviewed a number of people about the type of work Mr. Ury was required to perform. The information he received coincided with that offered by plaintiff, who testified at length about his responsibilities. He said he spent many hours at the plant performing bookkeeping and collection duties, installing equipment, repairing equipment, delivering products (many of which were sold through a bid process rather than through any sales efforts conducted by plaintiff), occasionally working at the service station, maintaining the company truck, loading and unloading supplies at the plant, and other miscellaneous nonselling activities. His testimony was corroborated by another witness. Thus, we are satisfied

that the trial court's decision that Mr. Ury's employment came within the provisions of the Fair Labor Standards Act was based on sufficient evidence and was, therefore, a sound one.

Defendant also challenges the trial court's finding that the Illinois Wage Payment and Collection Act prohibited the defendant from withholding a portion of Mr. Ury's income and placing it in a reserve account. (Ill. Rev. Stat. 1979, ch. 48, par. 39m—9.) The account, held pursuant to a uniform petroleum salesman's agreement, was designed to protect Fruit Belt against uncollectible debts. However, section 9 of the Illinois Wage Payment and Collection Act prohibits unilateral deductions from an employee's wages except for lawful purposes or where the deduction benefits the employee. (Ill. Rev. Stat. 1979, ch. 48, par. 39m—9.) Here, the reserve account was solely for the benefit of the defendant. Defendant argues that the Act does not apply to reserve accounts such as the one maintained by them; yet, there was evidence in the record that the Illinois Department of Labor, finding the Act did apply, held that defendant's practice of withholding money from plaintiff's salary was illegal. We also read the statute as proscribing this type of reserve account.

Accordingly, we affirm the judgment of the circuit court of Johnson County.

Affirmed.

JONES and KASSERMAN, JJ., concur.